IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANE CHRISTENSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DESERT ROCK CAPITAL, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00808-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is Defendant Desert Rock Capital, Inc.'s Motion to Dismiss or Stay and Compel Arbitration.[1] For the reasons explained below, the court GRANTS Desert Rock's Motion insofar as it requests an order staying the case and compelling arbitration.

## BACKGROUND[2]

In June 2018, Christensen applied for and obtained a loan from Desert Rock.[3] Under the Application and the Note (together, Loan Documents), Christensen provided his contact information to Desert Rock, authorized Desert Rock to contact him via text message regarding past and future offers, and agreed to be contacted regarding "potential extensions of credit, marketing and advertisement, and any other business purpose."[4] Christensen also agreed that "[a]ny and all controversies, claims, alleged breaches or disputes arising out of or relating in any

---

[1] Dkt. 16, *Motion to Dismiss or Stay and Compel Arbitration* (*Motion*).

[2] The following facts are drawn from the Complaint and related declarations and exhibits.

[3] *See* Dkt. 16-1, *Declaration of Shaun Bawa* ¶¶ 3, 6.

[4] *Id.* at 8–10, 32–33; *Motion* at 2–5.

way" to the Loan Documents must be resolved through arbitration,[5] and he waived his ability to bring any claims related to the Note as a class action lawsuit.[6]

Christensen brings this putative class action under 47 U.S.C. § 227, the Telephone Consumer Protection Act (TCPA).[7] Christiansen alleges Desert Rock sent him texts and calls advertising its services him even though he is on the National Do-Not-Call Registry.[8] Christiansen also alleges Desert Rock continued this practice even after he repeatedly asked them to stop.[9] Christensen asserts two claims on behalf of two proposed classes: (1) a claim for violation of the TCPA's restriction on placing telemarketing calls and sending text messages to telephone numbers registered on the National Do-Not-Call Registry; and (2) a claim for failing to comply with the TCPA's rules and regulations relating to recording and honoring internal do-not-call requests.[10] Desert Rock now moves to dismiss Christensen's Complaint and/or compel arbitration.[11] The Motion is fully briefed and ripe for review.[12]

## ANALYSIS

Desert Rock contends Christensen's claims relate to the Loan Documents, which Desert Rock believes contain mandatory arbitration provisions. In any case, Desert Rock argues the arbitration provisions require an arbitrator to resolve disputes about arbitrability. Christensen, on the other hand, contends he never entered into a valid agreement to arbitrate.

---

[5] *Declaration of Shaun Bawa* at 9, 31; *Motion* at 4–5.

[6] *Declaration of Shaun Bawa* at 31; *Motion* at 5–6.

[7] Dkt. 2, *Complaint – Proposed Class Action* (*Complaint*).

[8] *Id*. ¶¶ 57, 60.

[9] *Id*. ¶¶ 38–51.

[10] *Id*. ¶¶ 78–91.

[11] *See Motion*.

[12] *Motion*; Dkt. 24, *Plaintiff's Opposition to Defendant's Motion to Dismiss or Stay and Compel Arbitration* (*Opposition*); Dkt. 30, *Reply in Support of Motion to Dismiss or Stay and Compel Arbitration* (*Reply*).

The court agrees with Desert Rock. The Loan Documents contain arbitration provisions that unequivocally delegate questions of arbitrability to an arbitrator. Because Christensen's challenges to the arbitration provisions raise questions of arbitrability, the court must submit his claims to arbitration and stay the case.

## I.      Christensen Raises Issues That Must Be Submitted to Arbitration.

The Federal Arbitration Act (FAA) reflects a "liberal federal policy favoring arbitration."[13] "[A]rbitration is a matter of contract,"[14] and courts must "rigorously enforce" arbitration agreements according to their terms.[15] And although courts "presume that it is for courts, not arbitrators, to decide whether the parties have agreed to arbitrate," this is not so when "there is clear and unmistakable evidence" that the parties delegated this authority to the arbitrator.[16] Where an arbitration agreement incorporates American Arbitration Association (AAA) rules into the agreement, the Tenth Circuit has found that the "clear and unmistakable evidence" standard is met.[17] In the context of a Motion to Compel Arbitration, the movant "bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith."[18]

---

[13] *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 333 (2011) (citations omitted).

[14] *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

[15] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

[16] *Graddy v. Carnegie Acad., LLC*, 717 F. Supp. 3d 1133, 1141 (D. Utah 2024) (quotation marks omitted).

[17] *DISH Network, LLC v. Ray*, 900 F.3d 1240, 1245 (10th Cir. 2018) (discussing incorporation of American Arbitration Association rules); *see also Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280–84 (10th Cir. 2017) (discussing incorporation of Judicial Arbitration and Mediation Services rules).

[18] *BOSC, Inc. v. Bernalillo Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1177 (10th Cir. 2017) (citation omitted).

Here, Desert Rock has provided evidence of its agreements with Christensen that clearly require disputes about arbitrability to be submitted to an arbitrator. Christensen contends he never agreed to arbitrate claims with Desert Rock because the arbitration agreements fail to demonstrate a meeting of the minds, are illusory, and are unconscionable.[19] He also contends that if the agreements are valid, he need not submit his claims to arbitration because Desert Rock was the first to breach them and because Desert Rock otherwise waived its right to compel arbitration.[20] But these contentions all fundamentally challenge the validity of the arbitration agreements or their applicability to the current dispute.[21] In other words, Christensen's arguments raise the issue of whether his claims are arbitrable in the first place.

Accordingly, these arguments are neither here nor there because the arbitration provisions in the Loan Documents explicitly incorporate AAA Rules, precluding this court from addressing them:

> Any and all controversies, claims, alleged breaches or disputes arising out of or relating in any way to this Agreement, including whether any controversy, claim, alleged breach or dispute is subject to arbitration, and including, without limitation, any and all claims that would otherwise be subject to class actions, shall upon the request of any party hereto, be subject to binding arbitration *pursuant to the Commercial Arbitration Rules administered by the American Arbitration Association ("AAA"), under the AAA Consumer Rules in effect at the time the claim is filed ("AAA Rule")*.[22]

---

[19] *Opposition* at 9–15.

[20] *Id*. at 12, 15–16.

[21] Desert Rock raises this defense throughout its Reply, but it concedes that one other argument raised by Christensen—the validity of the arbitration provisions' class action waivers—is "properly" before this court. *See Reply* at 9. Beyond citing to its own Motion which references the class action waiver, it is not apparent why this court could opine on the validity of only this portion of the arbitration agreements and not others. However, even accepting that this question need not decided by an arbitrator, Christensen fails to proffer any evidence or controlling law requiring this court to find that the class action waiver at issue is invalid for lack of consideration as he contends. *See Opposition* at 12–13.

[22] *Declaration of Shaun Bawa* at 9 (emphasis added).

> Any and all controversies, claims, alleged breaches or disputes arising out of or relating in any way to this Application, including whether any controversy, claim, alleged breach or dispute is subject to arbitration, and including, without limitation, any and all claims that would otherwise be subject to class actions, shall upon the request of any party hereto, be subject to binding arbitration *pursuant to the Commercial Arbitration Rules of the American Arbitration Association*.[23]

Whether Christensen's arguments are valid—and whether his claims are arbitrable—are questions that must be resolved by the arbitrator. Despite his many concerns with the Loan Documents, Christensen nowhere offers evidence sufficient to create a genuine dispute of fact contesting whether the Loan Documents delegate questions of arbitrability to an arbitrator by incorporating AAA rules. In light of the "clear and unmistakable" evidence that the parties delegated the question of arbitrability to an arbitrator,[24] the court agrees with Desert Rock that federal adjudication of this case must be stayed.

## II. Supreme Court Precedent Requires a Stay Rather Than Dismissal.

Desert Rock seeks dismissal of Christiansen's Complaint on account of arbitration provisions in the Loan Documents under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. However, while Desert Rock is correct that the Tenth Circuit has not definitively explained on what grounds—if any—a party may raise a mandatory arbitration provision defense under Rule 12,[25] recent Supreme Court

---

[23] *Id*. at 31 (emphasis added).

[24] *DISH Network,* 900 F.3d at 1245.

[25] *Motion* at 1 n.1.

precedent requires this court to stay the case rather than dismiss it when a party requests a stay.[26] Here, Desert Rock requests a stay in the alternative of dismissal,[27] and Christensen explicitly asks the court to issue a stay if it grants Desert Rock's Motion.[28] Nowhere does Desert Rock oppose this argument or otherwise explain why a dismissal is favored relative to a stay. Accordingly, the court decides to stay this case pending resolution of the parties' arbitrability dispute.

---

[26] *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). Even before the Supreme Court decided *Spizzirri*, the Tenth Circuit appeared to be in lockstep with its reasoning: a district court may dismiss a case on account of an arbitration provision only where neither party requests a stay. *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 796–97 (10th Cir. 1995). The Seventh Circuit reached the same conclusion after the Supreme Court rendered its decision in *Spizzirri*. *See Nat'l Cas. Co. v. Cont'l Ins. Co.*, 121 F.4th 1151, 1153 (7th Cir. 2024).

[27] *Motion* at 1–2.

[28] *Opposition* at 16.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Desert Rock's Motion insofar as it requests an order staying the case and compelling arbitration.[29] The case is STAYED pending the outcome of the arbitration. Moreover, Desert Rock is ORDERED to file a Status Report every 120 days updating the court as to the status of the arbitration proceedings. The first report is due on October 1, 2025. Within 14 days of the parties' arbitration, Desert Rock must also submit a final report stating the outcome of the arbitration and recommending any actions the court may need to take moving forward.

SO ORDERED this 17th day of April 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[29] Dkt. 16.